**Roy B. AGELOFF, Plaintiff,**

v.

**Gregory M. KILEY, Lino Morris, Edward Kiley, Irena Firth a/k/a Irina F. Morris, in their individual capacities, Kytel International Group, Inc., Melanie Hopkins, as Trustee for Computer Sciences Group, Inc., privately held corporation; Computer Sciences Group, Inc., privately held corporations, and Unknown Officers of Computer Sciences Group, Inc., Defendants.**

No. 03–20886–CIV.

United States District Court, S.D. Florida.

May 18, 2004.

---

1158

William J. McFarlane, III, Esq., Law Offices of Murphy, McFarlane, Magee & Dolan, Ft. Lauderdale, FL, for Plaintiff.

Joel S. Fass, Esq., Colodny, Fass, Talenfeld, Karlinsky & Abate, P.A., Ft. Lauderdale, Mathew E. Hoffman, Esq., Barton Nachamie, Esq., Todtman, Nachamie, Spizz & Johns, P.C., New York City, for Defendant Gregory M. Kiley, Edward Kiley and Kytel International Group.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss the First Amended Complaint, filed February 19, 2004. On March 11, 2004, Plaintiff filed his Response. On March 30, 2004, Defendants filed their Reply.

On February 3, 2004, Plaintiff filed his First Amended Complaint. Plaintiff alleges that Defendants induced him to invest $500,000 in Defendants' purported business venture and then defrauded him of his entire investment. In their current Motion, Defendants argue that Plaintiff's First Amended Complaint should be dismissed for a number of reasons. Careful review of Plaintiff's Amended Complaint compels the conclusion that Defendants are correct. Plaintiff's Amended Complaint fails to properly plead a fraud claim, let alone the more extensive elements of a civil RICO complaint. Plaintiff's Complaint must be dismissed for the following reasons:

● The statute of limitations for a civil RICO complaint is four years. *Agency Holding Corp. v. Malley–Duff & Assoc., Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). The limitation period begins to run when the injury was or should have been discovered. *Rotella v.*

*Wood,* 528 U.S. 549, 554, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000); *Maiz v. Virani,* 253 F.3d 641, 676 (11th Cir.2001). Moreover, a plaintiff may not use an amended complaint for the purpose of correcting a statute of limitations problem. *Ayon v. Gourley,* 185 F.3d 873, 1999 WL 516088 (10th Cir.1999). In the instant case, Plaintiff admits that he discovered his injury when Defendants threatened to injure him if he continued to seek to recover his investment.[1] In Plaintiff's initial Complaint, Plaintiff alleges that this incident occurred between 1997 and 2000.[2] In Plaintiff's Amended Complaint, Plaintiff alleges that this incident occurred in 2000.[3] In Plaintiff's Response, Plaintiff alleges that this incident occurred in 2001.[4] The Court will accept as true the dates alleged in the initial Complaint. Accordingly, Plaintiff may have discovered his injury as early as 1997, and Plaintiff did not file this case until six years later, in 2003. Moreover, Plaintiff alleges that at the time of his investment in 1996 and 1997, Defendants promised him that he would earn a return of at least 30% per year.[5] Plaintiff should have discovered his injury when he received no return on his investment in 1998, yet Plaintiff did not commence this action until five years afterward.

■ ● Rule 9(b) of the Federal Rules of Civil Procedure requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Civil RICO claims must be pled with the specificity required by Rule 9(b) and must include "the time, place and person responsible" for each alleged act. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1380–81 (11th Cir.1997). The purpose of this requirement is to place each defendant on notice of the claims against him. *Id.* In the instant case, Plaintiff's Amended Complaint fails to identify the precise date—and, in most cases, even the precise year—in which the alleged events took place. Moreover, Plaintiff frequently alleges that "Defendants" engaged in proscribed conduct, without identifying which Defendant(s) engaged in that conduct. Therefore, Plaintiff has failed to provide sufficient particularity to place each individual Defendant on notice of the specific allegations against him.

● A civil RICO Complaint must also plead all elements of each alleged predicate act with the particularity required under Fed.R.Civ.P. 9(b). *Brooks,* 116 F.3d at 1381. In the instant case, Plaintiff's conspiracy claims fail because he fails to allege agreement on the part of the conspirators,[6] and Plaintiff provides insufficient detail to support his claims of racketeering and money laundering.

● A civil RICO Complaint must allege an enterprise that had a structure and goals separate from the predicate acts alleged. *Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640, 645 (7th Cir.1995). In the instant case, Plaintiff fails to allege that Defendants' enterprise existed for any purpose other than to defraud Plaintiff.

■ Having determined that Plaintiff's Amended Complaint must be dismissed, the sole remaining issue is whether the Court will dismiss Plaintiff's Amended Complaint with or without prejudice. Plaintiff filed his initial Complaint on April

---

1. (Pl.'s Resp. at 19–20).

2. (Pl.'s Compl. at 22).

3. (Pl.'s Am. Compl. at 15).

4. (Pl.'s Resp. at 19–20).

5. (Pl.'s Am. Compl. at 10).

6. *See Republic of Panama v. BCCI Holdings, (Luxembourg) S.A.,* 119 F.3d 935, 950 (11th Cir.1997).

11, 2003, more than thirteen months ago. On May 28, 2003, the Court granted Plaintiff's motion for a sixty day extension of time to file his RICO Case Statement. On October 10, 2003, Defendants filed their Motion to Dismiss the initial Complaint. The Court granted Plaintiff two extensions of time to file a Response to Defendants' Motion,[7] which Plaintiff finally filed on December 2, 2003. On January 20, 2004, the Court held a status conference in the above-styled case. Plaintiff appeared at the status conference and requested permission to file an Amended Complaint, which the Court granted. Plaintiff filed his Amended Complaint on February 3, 2004, and after Defendants filed their Motion to Dismiss the Amended Complaint on February 19, 2004, the Court granted Plaintiff a further extension of time to file his Response,[8] which he filed on March 11, 2004. In sum, over the course of the past thirteen months, Plaintiff has filed two Complaints, appeared before this Court at a hearing, and received four extensions of time to file Motions with the Court, yet Plaintiff still has not properly pled a civil RICO claim. Therefore, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss the First Amended Complaint be, and the same is hereby, GRANTED. Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE.

---

7. See DE # 43 and 45.

8. See DE # 59.